UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
FREDERICK BANKS,                    :
                                    :
        Petitioner,                 :   Civ. No. 16-4176 (NLH)
                                    :
    v.                              :   OPINION
                                    :
SEAN LANGFORD, et al.,              :
                                    :
        Respondents.                :
_____:

APPEARANCES:
Frederick Banks, # 05711-068
F.C.I. Butner
P.O. Box 1000
Butner, NC 27509
    Petitioner Pro se

HILLMAN, District Judge

    Petitioner Frederick Banks, a prisoner confined at the Federal Correctional Institution ("FCI") in Butner, North Carolina, filed this writ for mandamus under 28 U.S.C. § 1361, seeking to compel the named Respondents to "perform their official duties." (ECF No. 1).

## I.  Filing Fee

    Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance.  The entire fee to be paid in advance of filing a civil complaint, including a petition for

writ of mandamus, is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. Under certain circumstances, however, this Court may permit an indigent party to proceed in forma pauperis.

Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915 and, ordinarily, the Prison Litigation Reform Act of 1995, Pub. L No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

If the PLRA applies to this action, in order to proceed in forma pauperis, Petitioner is required to submit an affidavit, including a statement of all assets and liabilities, which states that he is unable to pay the fee; as well as a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his petition. 28 U.S.C. § 1915(a)(1), (2). However, if the PLRA does not apply to this action, Petitioner in this case need only file an affidavit of poverty in support of his request for in forma pauperis status. See Madden, 102 F.3d at 78 ("Where the PLRA applies, the petitioner must file an affidavit of poverty, a six-month account statement, and a form authorizing prison officials to withdraw money from his account; where it does not, the petitioner need only file an affidavit of poverty.").

Case law in the Third Circuit is not settled as to whether the PLRA applies to a petition for a writ of mandamus filed pursuant to 28 U.S.C. § 1361. In <u>Madden v. Myers</u>, 102 F.3d 74, 78 (3d Cir. 1996), the Third Circuit held that true or "bona fide" mandamus petitions cannot be subject to the PLRA because they fall outside the plain meaning of the PLRA. <u>Madden v. Myers</u>, 102 F.3d 74, 78 (3d Cir. 1996) <u>superseded by rule on other grounds as noted in</u>, In re Ordaz, 491 F. App'x 348, 2013 WL 142701 (3d Cir. Jan 14, 2013).[1] The <u>Madden</u> court reached this conclusion by discussing the nature of a writ of mandamus — concluding that it is a "procedural mechanism" and, thus, is neither a "civil action" nor an "appeal" — and by determining that a writ of mandamus is not the type of litigation that Congress intended to curtail by implementing the PLRA. <u>Madden</u>, 102 F.3d at 77-78.

However, the <u>Madden</u> court conducted this analysis in the context of a writ of mandamus filed pursuant to 28 U.S.C. § 1651(a), and specifically declined to decide whether the same logic applied to § 1361 petitions. See <u>Madden</u>, 102 F.3d at 77 n.2 ("Although the same considerations may apply, whether the PLRA applies to § 1361 petitions is not before us, and

---

[1] <u>See</u> <u>In re Ordaz</u>, 491 F. App'x 348 (3d Cir. 2013) (noting that 3d Cir. L.A.R. 24.1(c)(1997) altered the prisoner account statement procedure described in footnote 6 of <u>Madden</u>).

therefore, we need not decide it at this time."). Thus, although dicta in Madden suggests that the PLRA would not apply to § 1361 petitions for the same reasons it does not apply to § 1651(a) petitions, there is no case law on point to provide this Court with a definitive answer with respect to this issue.

Additionally, several district courts in this circuit have applied the PLRA to petitions filed under § 1361. See, e.g., Roudabush v. Mensah, No. 15-8110 (NLH), 2016 WL 952336, at *3 (D.N.J. Mar. 14, 2016) (collecting cases); see also, e.g., Hamani v. Dir. Fed. Bureau of Prisons, No. 11-2780, 2011 WL 2112306, at *1 (D.N.J. May 25, 2011) (collecting cases) ("This action is a civil action governed by the PLRA."); Keys v. Dep't of Justice, No. 4:08-CV-02239, 2009 WL 648926, at *2 (M.D. Pa. Mar. 10, 2009) (holding that the PLRA applies based on the plain language of the statute). Notably, the Third Circuit has affirmed a district court's dismissal of a petition for writ of mandamus under 28 U.S.C. § 1915(e)(2). See Franco v. Bureau of Prisons, 207 F. App'x 145, 146 (3d Cir. 2006).

In Franco, the district court relied on case from the Court of Appeals for the Second Circuit in support of its conclusion that the PLRA applied to the petition for writ of mandamus filed pursuant to § 1361 before it. See Franco v. Bureau of Prisons, No. 05-5077, 2006 WL 1207976, at *1 (D.N.J. Apr. 28, 2006) (citing In re Nagy, 89 F.3d 115 (2d Cir. 1996)). In In re Nagy,

4

the Second Circuit concluded that "the PLRA requirements apply to those extraordinary writs that seek relief analogous to civil complaints under 42 U.S.C. § 1983, but not to writs directed at judges conducting criminal trials." In re Nagy, 89 F.3d at 116. Because the petition in In re Nagy was related to the judge conducting the criminal trial, the appellate court concluded that the requirements of the PLRA did not apply. Id.

In this case, the pending petition under § 1361 does not relate to a judge conducting a criminal trial.  Rather, it seeks relief analogous to a civil complaint, i.e. specific action on the part of the named Respondents/Defendants.  Therefore, using the standard set forth in In re Nagy — which has been utilized by other courts in this district, see Hamani, No. 11-2780, 2011 WL 2112306, at *1, and use of which has been impliedly approved of by the Third Circuit, see Franco, 207 F. App'x at 146 — this Court determines that the petition for writ of mandamus presently before the court is subject to the requirements of the PLRA.

This Court further determines that this conclusion is consistent with the reasoning set forth in Madden.  As an initial matter, the petition at issue in Madden was related to a pending habeas corpus action; whereas, in this case, Petitioner seeks relief unrelated to any underlying civil or criminal action.  Moreover, because Petitioner in this case asks this

5

Court to compel the Bureau of Prisons to take certain action, it appears to be precisely the type of litigation that Congress indented to curtail through the implementation of the PLRA. See Madden, 102 F.3d at 77 ("The clear import of the PLRA is to curtail frivolous prison litigation, namely that brought under 42 U.S.C. § 1983 and the Federal Torts Claims Act.").

For these reasons, this Court determines that the PLRA does, in fact, apply to the instant petition for writ of mandamus filed pursuant to 28 U.S.C. § 1361. See Roudabush, 2016 WL 952336, at *3 (applying PLRA to petition for writ of mandamus filed pursuant to 28 U.S.C. § 1361).

II.  Petitioner's In Forma Pauperis Application

As set forth above, the provisions of the PLRA do apply to the instant case.  Title 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis.  However, 28 U.S.C. § 1915 also prohibits a prisoner from bringing a civil action in forma pauperis, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A prisoner's entire action or appeal must be dismissed on grounds enumerated in § 1915(g) to count as a "strike." Byrd v. Shannon, 715 F.3d 117, 125 (3d Cir. 2013); see also Ball v. Famiglio, 726 F.3d 448 (3d Cir. 2013) cert. denied, 134 S. Ct. 1547, 188 L. Ed. 2d 565 (2014).  Moreover, a strike under § 1915(g) will accrue "only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." Byrd, 175 F.3d at 126.

Dismissals for frivolousness of civil actions or appeals, prior to the 1996 amendment of § 1915, count as "strikes" under 28 U.S.C. § 1915(g). See Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143, 144 (3d Cir. 1997).  Further, "strikes" under § 1915(g) can be accrued in actions or appeals where the prisoner has prepaid the filing fee, as well as in actions or appeals where the prisoner is proceeding in forma pauperis. Byrd, 715 F.3d at 124.

While incarcerated, Petitioner in this case has had at least three prior federal civil actions dismissed as frivolous or malicious, or for failure to state a claim upon which relief

may be granted. See, e.g., Banks v. Duquesne Light Co., No. 2:13-CV-1350, 2013 WL 6070054, at *1 (W.D. Pa. Nov. 14, 2013) (dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii)); Banks v. U.S. Attorneys Office ex rel. W. Dist. of Pennsylvania, No. 11-626, 2011 WL 6739290, at *3 (W.D. Pa. Dec. 1, 2011), report and recommendation adopted, No. 2:11-CV-626, 2011 WL 6749040 (W.D. Pa. Dec. 22, 2011) (dismissing petition under 28 U.S.C. § 1915(e)(2)(B) because it was both frivolous and failed to state a claim); Banks v. Hayward, No. 06-509, 2006 WL 1509148, at *1 (W.D. Pa. May 3, 2006), report and recommendation adopted, No. 06-509, 2006 WL 1520693 (W.D. Pa. May 30, 2006), aff'd, 221 F. App'x 98 (3d Cir. 2007) (dismissing for failure to state a claim upon which relief can be granted); Banks v. Hayward, No. 06-1572, 2007 WL 120045, at *3 (W.D. Pa. Jan. 10, 2007) (stating that the suit should be dismissed as frivolous/malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); In re Banks, 204 F. App'x 141, 144 (3d Cir. 2006) (dismissing Banks' appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(I)).

This Court has previously recognized that Petitioner has three strikes under § 1915(g). Order, Banks v. Federal Bureau of Prisons, No. 11-1449 (NLH) (D.N.J. Feb. 14, 2012) ECF No. 4. Other courts, including the Third Circuit Court of Appeals, have also recognized that Petitioner is a three-strikes litigant. See, e.g., Banks v. Francis, No. 2:15-CV-1400, 2015 WL 9694627,

at *4 (W.D. Pa. Dec. 18, 2015), report and recommendation adopted, No. 15-1400, 2016 WL 110020 (W.D. Pa. Jan. 11, 2016) ("Therefore, Plaintiff is presumptively subject to revocation of his in forma pauperis privileges pursuant to § 1915(g) by virtue of his lengthy past history of wholly meritless litigation."); Banks v. United States, No. 13-1615, 2013 WL 6230672, at *1 (W.D. Pa. Dec. 2, 2013); In re Banks, 450 F. App'x 155, 157 n.1 (3d Cir. 2011).

Accordingly, because this Court concludes that Petitioner has three strikes under 28 U.S.C. § 1915(g), his application to proceed in forma pauperis is denied. The Court notes that the allegations of the Petition — which seek "disclosure of electronic surveillance" (Pet. 1, ECF No. 1) — do not suggest that Petitioner is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

### III. Conclusion

For the reasons set forth above, Petitioner's application for leave to proceed in forma pauperis will be denied and the Clerk of the Court will be ordered to administratively terminate this action, without filing the Petition or assessing a filing fee.[2] Petitioner will be granted leave to apply to re-open

---

[2] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was

9

within 45 days by prepaying in full the $350 filing fee and the $50 administrative fee.

An appropriate Order follows.

                                             ___s/ Noel L. Hillman_____
                                             NOEL L. HILLMAN
                                             United States District Judge

Dated: July 14, 2016
At Camden, New Jersey

---

originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).