UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
FREDERICK BANKS,                    :
                                    :
         Petitioner,                :   Civ. No. 16-4176 (NLH)
                                    :
    v.                              :   MEMORANDUM OPINION
                                    :
SEAN LANGFORD, et al.,              :
                                    :
         Respondents.               :
_____ :

IT APPEARING THAT:

1. On June 14, 2016, Petitioner Frederick Banks, a prisoner currently confined at the Federal Correctional Institution in Butner, North Carolina, submitted a "Petition for Writ of Mandamus," requesting that the Court compel certain action on the part of the "Director of the Office of Personnel Management," and also requesting $500 million in damages. (ECF No. 1.)

2. With his Petition, Petitioner submitted an application to proceed in forma pauperis ("IFP"). (ECF No. 1-2.) The Court determined that Petitioner was not entitled to proceed in forma pauperis because he has three strikes under 28 U.S.C. § 1915(g) and was not in imminent danger.[1] (July 14, 2016 Opinion 9, ECF No. 2.)

---

[1] 28 U.S.C. § 1915(g) states that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or

3. Petitioner thereafter submitted a "Motion to Vacate" this Court's previous Opinion, arguing that currently, and at the time of filing, he was a "mental patient committed to a mental institution" under 18 U.S.C. §§ 4241(b) and (d).[2] (ECF No. 4.) Because he was a "mental patient," he argues that he was not subject to the requirements of the Prison Litigation Reform Act ("PLRA") and therefore cannot be denied IFP status based on his "three strikes." (Id.)

4. Even if this Court were to accept Petitioner's proposition that the PLRA does not apply to him because he was a mental patient committed under 18 U.S.C. §§ 4241(b) and/or (d) at the time of filing, the Court nevertheless would not grant him IFP status at this time.

5. According to his financial certification, his assets include $250,000 in real estate, a $29,000 vehicle and an illegible amount in bank accounts. (ECF No. 1-2.) Petitioner also states that friends have deposited $166 into his inmate account over the last 12 months. (Id.) Petitioner states that

---

proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[2] 18 U.S.C. § 4241 outlines the procedure for determining the competency of a defendant and the protocol if he is determined to be incompetent.

2

he does not have any dependents, but does not provide any other information about financial liabilities. (Id.)

6. Petitioner has identified substantial real estate and property assets, without any financial liabilities. However, the Court acknowledges that it is unable to decipher the amount Petitioner purports to have in his bank accounts. As a result, the Court lacks sufficient information to exercise its discretion as to whether Plaintiff meets the requirements for in forma pauperis status. See 28 U.S.C. § 1915(a)(2); see also Shahin v. Sec'y of Delaware, 532 F. App'x 123 (3d Cir. 2013) (citing United States v. Holiday, 436 F.2d 1079, 1079-80 (3d Cir. 1971)) ("granting of application to proceed IFP is committed to sound discretion of district court"); Massaro v. Balicki, No. 13-6958, 2016 WL 1182257, at *1 (D.N.J. Mar. 28, 2016) (citing Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331 (1948)) ("The Supreme Court has clarified that one need not be absolutely destitute to qualify for in forma pauperis status. Rather, under Adkins, it is sufficient for an applicant to certify that he cannot pay the fee and still be able to provide himself and his dependents with the necessities of life.").

7. Based on his pro se status and the incomplete nature of his application, the Court will give Petitioner 30 days to file a complete IFP application on the appropriate form. Upon receipt of that application, the Court will re-open this matter

to determine whether the PLRA applies to Petitioner, and whether he is entitled to IFP status.

    8.   An appropriate Order follows.

Dated: September 18, 2017        s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.